IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



| ASHLEY SIMPSON, | § | |
|---|---|---|
| Movant, | § | |
| VS. | § | NO. 4:18-CV-1021-A |
| | § | (NO. 4:16-CR-213-A) |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of Ashley Simpson ("movant") under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. After having considered the motion, its supporting memorandum, the government's response and supplemental response, the reply, and pertinent parts of the record in Case No. 4:16-CR-213-A, styled "United States of America v. Ashley Simpson, et al.," the court has concluded three of the grounds of the motion are meritless and should be denied, and that the fourth ground, while probably without merit, requires a hearing before a ruling can be made thereon.

I.

Background

Information contained in the record of the underlying

criminal case discloses the following:

On September 7, 2016, movant and Jose Pablo Morales ("Morales") were added as defendants in a fourth superseding indictment filed in another criminal case. CR Doc.[1] 20. By order signed September 8, 2016, the court ordered that the offense charged by that indictment against movant and Morales be severed and be deemed the indictment in Case No. 4:16-CR-213-A. CR Doc. 21. On October 17, 2016, movant was named in a one-count superseding information charging her with conspiracy to possess with intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 846. CR Doc. 42.

On October 20, 2016, movant appeared before the court with the intent to enter a plea of guilty to the offense charged without benefit of a plea agreement. CR Doc. 46. Movant and her attorney signed a factual resume setting forth the elements of the offense, the maximum penalty movant faced, and the stipulated facts supporting movant's guilt. CR Doc. 48. Movant and her attorney also signed a waiver of indictment. CR Doc. 47. Under oath, movant stated that no one had made any promise or assurance of any kind to induce her to plead guilty. Further, movant stated

---

[1] The "CR Doc. ___" reference is to the number of the item on the docket in the underlying criminal case, No. 4:16-CR-213-A.

her understanding that the guideline range was advisory and was one of many sentencing factors the court could consider; that the guideline range could not be calculated until the presentence report ("PSR") was prepared; the court could impose a sentence more severe than the sentence recommended by the advisory guidelines and movant would be bound by her guilty plea; movant was satisfied with her counsel and had no complaints regarding her representation; and, movant and counsel had reviewed the factual resume and movant understood the meaning of everything in it and the stipulated facts were true. CR Doc. 79.

The probation officer prepared a PSR reflecting that movant's base offense level was 38. CR Doc. 55. She received a two-level increase for importation of methamphetamine, id. ¶ 23, and a two-level and one-level decrease for acceptance of responsibility, id. ¶¶ 29, 30. Based on a total offense level of 37 and a criminal history category of III, movant's guideline range was 262 to 327 months. Id. ¶ 89. Movant filed objections to the PSR, CR Doc. 75, and the probation officer prepared an addendum to the PSR. CR Doc. 62.

On March 3, 2017, the court sentenced movant to a term of imprisonment of 262 months. CR Doc. 71. The court noted that movant's attorney had made a "lot of good points," and sentenced her at the bottom of the guideline range. CR Doc. 80 at 21.

3

Movant appealed, CR Doc. 77, and the judgment was affirmed. United States v. Simpson, 708 F. App'x 191 (5th Cir. 2018).

II.

Grounds of the Motion

Movant urges four grounds in support of her motion, worded as follows:

> **GROUND ONE:** Failure to file meritorious issues on appeal that would entitle her to relief

Doc.[2] 1 at PageID[3] 4.

> **GROUND TWO:** Failure to object to drug quantity in the PSR

Id. at PageID 5.

> **GROUND THREE:** Failure to seek a sentence reduction under U.S.S.G. 3B1.2

Id. at PageID 6.

> **GROUND FOUR:** Failure to inform Simpson of her right to file a writ of certiorari

Id. at PageID 8.

---

[2] The "Doc. __" reference is to the number of the item on the docket in this action.

[3] The "PageID __" reference is to the page number assigned by the court's electronic filing system.

III.

Standards of Review

A. <u>28 U.S.C. § 2255</u>

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. <u>United States v. Frady</u>, 456 U.S. 152, 164-165 (1982); <u>United States v. Shaid</u>, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. <u>Shaid</u>, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. <u>United States v. Capua</u>, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. <u>Davis v. United States</u>, 417 U.S. 333, 345 (1974); <u>United States v. Placente</u>, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant

5

is thereafter precluded from urging the same issues in a later collateral attack." Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979) (citing Buckelew v. United States, 575 F.2d 515, 517-18 (5th Cir. 1978)).

B. Ineffective Assistance of Counsel Claims

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984); see also Missouri v. Frye, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Strickland, 466 U.S. at 697; see also United States v. Stewart, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," Harrington v. Richter, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Cullen v. Pinholster, 563 U.S. 170, 189 (2011) (quoting Strickland, 466 U.S. at 686). Judicial scrutiny of this type of

6

claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the Strickland test. Miller v. Johnson, 200 F.3d 274, 282 (5th Cir. 2000).

IV.

Analysis

In her first ground, movant asserts that counsel failed to file meritorious issues on appeal. Doc. 1 at PageID 4. As "supporting facts," she simply says, "On appeal, counsel did not file an appeal that would advocate relief. The grounds that were given did not constitute relief." Id. Her memorandum is likewise conclusory. Doc. 4 at PageID 18-19. She has not come forward with any evidence to overcome the strong presumption that her counsel's conduct fell within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689.

In her second ground, movant asserts that counsel failed to object to the drug quantity in the PSR. Doc. 1 at PageID 5. As supporting facts, she says that the drug amount attributed to her in the PSR was uncorroborated and false. Id. In her memorandum, she refers to testimony of Leslie Holliday, a defendant in

7

another case, which she says is unreliable. Doc. 4 at PageID 19-20, 24. The information in the PSR regarding drug quantity does not depend upon, much less refer to, any information provided by Leslie Holliday. CR Doc. 55. Rather, the information was obtained via an independent investigation, including information obtained from investigative materials compiled and prepared by DEA agents, task for officers, and Homeland Security Investigations agents, and an interview of a DEA special agent. Id. ¶ 9. Movant has not shown that any objection to the drug quantity attributed to her would have had the slightest merit. The failure to raise a meritless ground is not ineffective assistance. United States v. Kimler, 167 F.3d 889, 893 (5th Cir. 1999).

In her third ground, movant says that her attorney failed to seek a sentence reduction under U.S.S.G. 3B1.2. Doc. 1 at PageID 6. In support, she urges that she played a minimal role in the conspiracy. Id.; Doc. 4 at PageID 20. She does not, however, cite to any evidence or authority to support this ground. Conclusory allegations of ineffective assistance are insufficient. Ross v. Estelle, 694 F.2d 1008, 1012 (5th Cir. 1983). Without showing what the evidence would have been, movant cannot establish prejudice. Rector v. Johnson, 120 F.3d 551, 564 (5th Cir. 1997). In any event, the record reflects that movant played a substantial role in the conspiracy. Contrary to movant's

8

allegation, Doc. 4 at PageID 20, the court did not acknowledge movant's "minimum role in the conspiracy." CR Doc. 80. Rather, the court simply noted, that in the grand scheme of things, movant was likely not "a big-time drug dealer" although she had been dealing for some period of time. Id. at 20.

Finally, movant urges that her counsel was ineffective for failing to inform her of her right to file a petition for writ of certiorari. Doc. 1 at PageId 8. In her memorandum, she elaborates that counsel did not respond to her letters after her appeal was denied. Doc. 4 at PageID 20-21. Specifically, she complains that counsel's failure to file a petition for writ of certiorari violated her statutory right to counsel under the Criminal Justice Act. Id. at PageID 21. But, movant had no constitutional right to counsel for the purpose of filing such a petition. Pennsylvania v. Finley, 481 U.S. 551, 555 (1987); Ross v. Moffitt, 417 U.S. 600, 617-18 (1974). Where there is no right to counsel, there can be no constitutionally ineffective assistance of counsel. Wainwright v. Toma, 455 U.S. 586, 587-88 (1982); Garcia-Bertadillo v. United States, No. 3:16-CV-0234-B, 2018 WL 1833130, at *5 (N.D. Tex. Feb. 26, 2018), adopted, 2018 WL 1806644 (N.D. Tex. Apr. 17, 2018); Villa v. United States, No. 3:16-CV-1408-N, 2017 WL 6016425, at *1 (N.D. Tex. Oct. 30, 2017), adopted, 2017 WL 5992261 (N.D. Tex. Dec. 4, 2017). See United

States v. Lauga, 762 F.2d 1288, 1291 (5th Cir. 1985)(suggestion of ineffective assistance of counsel for failing to file a petition for certiorari was totally void of merit).

Between the motion and the memorandum, it is not clear whether movant is really complaining that she was not advised of her right to file a petition for writ of certiorari. The Fifth Circuit has determined that even though a defendant does not have a constitutional right to counsel for the purpose of filing a petition for writ of certiorari, she must be informed of the right to make such a filing. See United States v. Johnson, 308 F. App'x 768 768-69 (5th Cir. 2009). Therefore, the court has decided that the court should conduct a hearing so that movant will have an opportunity to offer any evidence she might have in support of that ground. A separate order scheduling the hearing and appointing an attorney to represent movant in connection with the hearing is being issued.

V.

Order

The court ORDERS that all relief sought by movant in the first three grounds of her motion under 28 U.S.C. § 2255 be, and is hereby, denied, and that a hearing is to be conducted as to

the relief sought by movant pursuant to the fourth ground of such motion.

SIGNED April 22, 2019.

_____
JOHN McBRYDE
United States District Judge